## AS TO BAIL IN CASES OF MURDER IN THE FIRST DEGREE.

### Common Pleas Court of Clark County.

### STATE OF OHIO V. ARTHUR B. SMITH.

### Decided, January, 1914.

*Criminal Law—Circumstances Which Warrant Admission to Bail—
Where the Defendant Has Been Tried for Murder in the First De-
gree with the Result of a Jury Disagreement.*

1. Where one has been tried for murder in the first degree, the result of
the trial being a disagreement of the jury, and it is discharged for
inability to agree, the defendant will not be admitted to bail merely
because of such disagreement and discharge of the jury.

2. If the evidence exhibited on the hearing of the application for bail
in such a case, be of so weak a character that it would not sustain
a verdict of guilty against a motion for a new trial, the court will
admit to bail.

3. If the evidence offered in support of the application for bail in a
case of murder in the first degree, after such disagreement and dis-
charge of the jury, is the same evidence which was submitted to
the jury on the trial, and the court would not have set aside a ver-
dict of guilty had it been returned by the jury on such evidence,
bail will be refused, where it does not appear that the life of the
defendant would be endangered or his health seriously impaired
by continued imprisonment, or that he can not be afforded speedy
retrial.

4. A defendant charged with murder in the first degree, will not be
admitted to bail merely because the evidence against him is cir-
cumstantial.

HAGAN, J.

In this case the defendant, Arthur B. Smith, was tried on
an indictment for murder in the first degree, by poisoning his
wife, Florence Cavileer Smith, the result of the trial being a
disagreement of the jury, and its discharge in consequence of
its inability to agree.

The defendant has filed a motion for his admission to bail
in this case, during the pendency and determination thereof,
alleging as grounds for such motion:

"1. That during the January term of this court said cause came on for trial, and that there was a mistrial of same wherein nine of said jurors trying same voted for the acquittal of the defendant.

"2. The evidence adduced in said trial was entirely circumstantial, wherein: (a). The proof was not evident nor the presumption great of any guilt of the defendant as he stood charged. (b). Said evidence would not sustain a verdict of guilty upon said charge.

"3. The defendant has been imprisoned herein since the 22d day of November, 1912, and is now confined in the county jail of this county, and if an immediate retrial of said cause is not afforded him, such confinement will result in great physical and mental injury to him.

"4. That the state of Ohio will not be able to afford the defendant a speedy or immediate retrial of this cause."

It appears to the court proper to determine, in the first instance, the principles upon which, in the state of Ohio at least, such an application should be considered and disposed of.

The cases on this subject in Ohio are not numerous; the earliest and the leading case is that of *State* v. *James Summons*, decided by the Supreme Court, in 1850, and reported in the 19 Ohio Reports, at page 139.

The syllabus of that case is as follows:

"The court will not, as a matter of course, admit to bail because the jury in a trial for murder have not agreed upon a verdict.

"If the evidence exhibited on the hearing of the application, be of so weak a character that it would not sustain a verdict of guilty against a motion for a new trial, the court will admit to bail."

In that case, as appears by the statement of facts contained in said report, the jury were unable to agree upon a verdict, and were consequently discharged by the court; whereupon a motion was made to admit the prisoner to bail, upon the ground that the disagreement of the jury rebutted the fact that the proof was evident or the presumption great of his guilt, and entitled him to his liberty by sufficient sureties.

The defendant thus invoked the protection of Section 12, Article VIII of the Constitution of Ohio, which provides that all persons shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident or the presumption great.

The trial court overruled the motion for admission to bail. When the case was taken on error to the Supreme Court, that tribunal said (19 Ohio, 139) :

"Who is to decide whether the proof be evident, or the presumption great? Most undoubtedly the same authority which prescribes the amount of bail, and passes upon the sufficiency of the sureties. ＊　＊　＊"

"The fact that the testimony given on the trial, did not produce full conviction of guilt in the minds of the twelve jurors, would be a strong circumstance to urge to the court when invoked to the exercise of so high a discretion as that of admitting to bail a prisoner charged with the crime of murder; this fact would come with redoubled force, if a second jury should fail to agree upon a verdict, with the same evidence applied to another indictment for the same offense. But, however numerous such results, they would never amount to a rebuttal of the fact that 'the proof was evident or the presumption great.' In other words, they would never amount to a constitutional requisition upon the judges to admit the prisoners to bail. The appeal must still be addressed to the discretion of the court; a sound legal discretion it is true, but one that can only be moulded into action by the evidence brought to bear upon the indictment.

"Other influences often tend to produce a disagreement of the jury. Where the evidence fails fully to satisfy the mind of the guilt of the prisoner, especially in a capital case, the jury are apt to render a verdict of acquittal."

The court then proceeds to quote with approval the rule stated in the case of *Commonwealth* v. *Keeper of the Prison,* 2 Ashmead, 227, that:

"A safe rule, where a malicious homicide is charged, is to refuse bail in all cases, where a judge would sustain a capital conviction, if pronounced by a jury, on such evidence of guilt as was exhibited to him on the hearing of the application to

admit to bail; and, in instances where the evidence for the commonwealth is of less efficacy to admit to bail.''

The Supreme Court in *State* v. *Summons,* proceeds to say:

''So with us in Ohio, if the evidence exhibited on the hearing of the application to admit to bail, be of so weak a character that it would not sustain a verdict of guilty, against a motion for a new trial, the court will feel it its duty, under the Constitution, to adjudge the prisoner 'bailable by sufficient sureties.' ''

In the case of *Hampton* v. *State,* 42 Ohio State, at page 404, decided in 1884, the court cites with apparent approval the rule laid down in *State* v. *Summons,* that:

''The court will not, as a matter of course, admit to bail because the jury in a trial for murder have not agreed upon a verdict.

''If the evidence exhibited on the hearing of the application, be of so weak a character that it would not sustain a verdict of guilty against a motion for a new trial, the court will admit to bail.''

In a very recent case decided in 1910 by the Common Pleas Court of Licking County, *State* v. *Woolard et al,* 12 Ohio N.P. (N.S.), at page 395, the court states in the syllabus:

''Under the constitutional provision that all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great, an application for bail by one who is under indictment for murder in the first degree, is addressed to the sound legal discretion of the court, with the presumption against admission to bail, and the burden is upon the applicant of showing that the proof is not evident, or the presumption is not great.''

Judge Nicholas, in rendering the opinion, quoted with approval the rule already cited as having been laid down by the Supreme Court in the case of *State* v. *Summons,* and also quoted with approval the opinion of the Supreme Court in *Kendell* v. *Tarbell,* reported in 24 Ohio State Report, at page 196, in these words:

"The indictment raises the presumption required by the Constitution to justify the refusal of bail."

Judge Nicholas then goes on to say:

"Guided by these authorities, which I understand speak the present law of this state on the subject, we learn:
"1.    That this question is addressed to the sound legal discretion of the court;
"2.    That the fact of an indictment raises the presumption required by the Constitution, to justify the refusal of bail—or, in other words—throws the burden upon the defendant of showing that the proof is not evident, or the presumption is not great;
"3.    That the court must deny the application for bail unless he would set aside a conviction upon the showing made on the motion."

It is thus seen that courts in Ohio ever since the opinion was rendered in *Summons* v. *Ohio,* have invariably adhered to the rule stated in that case.

Counsel for defendant have referred to some authorities in other states, in support of their contention that the disagreement of the jury should raise an inference that the proof is not evident and the presumption is not great as against the accused who seeks bail.

Notable among these cases thus cited is *State* v. *Hyde,* 234 Mo. Supreme Court Reports, page 207, but an examination of that case discloses that the defendant had been admitted to bail at the time of the indictment, had given a continuing bond, large in amount, had gone to trial the next term, and had given no indication of any purpose to abscond or thwart the trial.

It does not appear upon what showing the defendant had originally been admitted to bail in that case. It may have been quite a sufficient one to negative that the proof was evident or the presumption great, of guilt.

The error complained of was that after having admitted the defendant to bail, and after he had gone to trial, without indication of any purpose to abscond or thwart the trial, it was an abuse of the court's discretion, of its own motion, to revoke his

bail bond at the close of the state's case, and order him to jail on the ground that "the testimony so far given amounts to a presumption that under the law deprives the defendant of the right to go on bond."

It thus appears that the case of *State* v. *Hyde* affords no help in the consideration of the motion now pending in the case at bar.

Much stress is laid in the brief of counsel for defendant, on a remark made by Chief Justice Field, afterwards a member of the Supreme Court of the United States, when sitting as one of the supreme judges of the state of California, in the case of *People* v. *Tinder,* 19 Cal., at page 539.

The only question actually involved in that case was whether before trial, evidence could be received on behalf of the defendant to negative the presumption of guilt arising from the indictment against him, in which the court held that such evidence could not be received.

After disposing of the case Judge Field remarked that where upon trial the evidence for the prosecution and the defense had been produced and the jury had disagreed, or where after verdict a new trial has been granted on account of the insufficiency of the evidence to warrant a conviction, bail is sometimes taken without hearing other evidence as to the guilt or innocence of the accused.

But it is worthy of special note that in the case of *Salvator Troia,* on habeas corpus, 64 Cal., page 152, the very rule approved in the case of *Summons* v. *State,* 19 Ohio, is cited with approval at page 153, where the court says:

"It is a safe rule where malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction if pronounced by the jury on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail."

The attention of the court is called to a statement in 5 Cyc., page 64, which refers to cases in several states, appearing to uphold the contrary rule, viz: that bail will in some cases be al-

lowed even where the jury might, and perhaps ought, upon the same evidence to render a verdict of guilty of murder, but in the same statement it is said that as a general rule bail should be denied whenever the trial court would sustain a verdict of conviction for a capital offense, if rendered on the same evidence given on the application for bail, citing a large number of authorities.

It appears that the rule in Ohio is approved by the prevailing opinion of the courts of last resort in other states.

The evidence, to which the attention of the court is directed in this case, is that which was received on the trial, a full transscript thereof being in the possession of the court. No additional evidence is offered in support of the motion for bail.

One of the grounds for the motion is that the evidence adduced at the trial was entirely circumstantial. This statement is not accurate, but if it were deemed correct, would not have weight in the mind of the court.

As is well understood, and has been repeatedly stated by courts, circumstantial evidence may be the most cogent evidence in proof of the guilt of one accused. Of course, the evidence, whether circumstantial—that is, indirect—or that of witnesses who testify to seeing the very act committed, must be so strong as to negative reasonable doubt of the guilt of the accused.

Another special ground of the motion urged is that the defendant has been in prison since the 22d day of November, 1912, and is now confined in the county jail of this county, and if an immediate re-trial of said cause is not afforded him, such imprisonment will result in great mental and physical injury to him.

There is no evidence offered or claim made that the defendant is now suffering from any disease, so we have the mere opinion of the defendant, or his counsel, or both, that if his confinement is continued for a considerable period of time, it will result in great physical and mental injury to him. It is apparent that this affords no special ground for admitting the prisoner to bail. See, *In re Fraley,* 3 Okla. Criminal Reports, 719, reported

in 109 Pac. Rept., 295; *Ex Parte Johnson,* 60 Tex. Criminal Reports, reported in 39 L.R.A.(N.S.), 916.

The cases where it was sought to obtain bail because of the alleged bad effect of continued confinement upon the health of the prisoner, were all where there was a clear showing of existing disease in the prisoner, which would be much aggravated, or result fatally if the defendant were not given his liberty.

Without citing authorities at length, reference is made to *In re Thomas,* and notes, cited in 39 L.R.A.(N.S.), page 771.

Another ground stated for the motion, is that the state of Ohio will not be able to afford the defendant a speedy or immediate retrial of this case. The defendant has been in prison since the 22d day of November, 1912.

A considerable time elapsed during which the defendant was endeavoring to dispose of indictment by various pleas, or obtain orders of the court for examination of certain parts of the body of Florence Cavileer Smith. The case was finally put at issue on the 27th day of January, 1913, and assigned for trial on the 5th day of March, 1913, at which time the defendant urgently moved for a continuance of the case until the May term, on the ground that he wished to avail himself of permission to examine said parts of the body of Florence Cavileer Smith, if the same should be granted by the court.

The court made an order for examination of parts of her body, by the defendant, and for the purpose of enabling the defendant to avail himself of such order, granted a postponement of the case until the 15th day of April, 1913, at which time the trial began, and the same was terminated on the 5th day of May, of the same year.

There has certainly been no delay on the part of the state or of the court, in the matter of granting the defendant a speedy trial, and if the prosecuting attorney, and his assistant in this case, shall decide to again try the case, another trial will be afforded as soon as the condition of the business of the court will permit the same in justice to all parties concerned.

In view of the premises, the court is constrained to apply to this case on the pending motion, said rule stated by the Su-

preme Court in the case of *Summons* v. *State of Ohio*. In doing so the court desires to avoid, as far as possible, the expression of any opinion as to the guilt or innocence of the defendant, which might prejudice either him or the state of Ohio, as the case might be, on a re-trial. So far as possible the court adopts the principle stated by the Supreme Court of Oklahoma, in *Re Thomas,* already cited, at page 765, as follows:

"We will not comment upon the evidence lest our comments should influence the final trial. To decline to do so seems to be the universal practice as it has always obtained in such cases."

Under the rule already stated it is clear to the mind of the court that he should refuse bail in this case if the evidence exhibited to him, which is that taken on the trial, and appearing in the transcript in the possession of the court, is such that if the jury had rendered a verdict of guilty thereon, the court would not have set aside the verdict.

The court, upon careful consideration of said evidence, finds a line of evidence, which if believed by the jury, would have warranted it in rendering a verdict of guilty, opposed to a line of evidence, which if the jury believed it would have warranted it in acquitting the defendant.

It is obvious, therefore, that if the jury had rendered a verdict of guilty, the court would not have been justified in setting such verdict aside.

The motion for bail is therefore overruled.